UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENTARKIUS JAMEL MORGAN,

    Plaintiff,

v.                                           Case No. 3:19-cv-384-J-39MCR

OFFICER THORTON, et al.,

    Defendants.
_____

**ORDER**

Before the Court is Plaintiff's "Petition for an Order for a Preliminary Injunction and Temporary Restraining Order" (Doc. 25; Motion). Plaintiff moves the Court, under Federal Rule of Civil Procedure 65, to issue an injunction or restraining order against Defendants Dimaurio, DeLoach, Pope-Jones, and Lynn, who he claims have retaliated against him for filing this lawsuit. See Motion at 1, 4. Plaintiff asserts Defendants and other officers at Suwannee Correctional Institution (SCI) have threatened and harassed him, encouraged other officers and inmates to use force against him, and have interfered with his psychiatric treatment. Id. at 2.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d

1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To obtain injunctive relief, a movant must demonstrate the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). A request for injunctive relief is properly denied when the movant seeks relief with respect to claims outside those raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. In his Complaint, Plaintiff seeks compensation for injuries he alleges Defendants inflicted when they used excessive force against him on November 8, 2017. See Complaint at 5. In his Motion, however, Plaintiff seeks injunctive relief in response to alleged retaliatory conduct that occurred after he filed his Complaint. Accordingly, he improperly seeks relief for matters "lying wholly outside the issues in the suit."

See Kaimowitz, 122 F.3d at 43 (holding the district court did not err in denying a motion for preliminary injunction that sought relief on a claim not raised in the pleadings).

Moreover, Plaintiff has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06. In his Motion, which is not supported by an affidavit, Plaintiff makes only conclusory assertions that he has endured past incidents of retaliatory conduct, which he maintains violated his rights under the First Amendment. Plaintiff offers no proof or objective evidence, nor does he specify the conduct he wants the Court to enjoin in the future. Even if Plaintiff provided proof of past wrongs, he fails to demonstrate he is entitled to the drastic remedy of injunctive relief. See Lynch v. Baxley, 744 F.2d 1452, 1456 (11th Cir. 1984) ("Past wrongs do constitute evidence bearing on whether there is a real and immediate threat of repeated injury which could be averted by the issuing of an injunction.").

Accordingly, Plaintiff's Motion (Doc. 25) is **DENIED**. If Plaintiff believes he has suffered new constitutional violations, he may initiate a new civil rights action by filing a new civil rights complaint against the offending individuals.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Kentarkius Jamel Morgan
Counsel of Record

4